UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 03:05-CR-0129-LRH (RAM) |
| ) | |
| vs. ) | |
| ) | ORDER |
| FRANCIS G. ROBINSON, ) | |
| ) | |
| Defendant. ) | |

Presently before this court is Defendant Francis G. Robinson's motion in limine (#36[1]) and notice of intent to offer expert testimony (#39). The United States has filed a response to each (#40 & 41) and Defendant has filed a reply concerning the notice of expert testimony (#44).

A motion in limine gives a court the chance "'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)(quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F.Supp. 1400, 1401 (D.Md. 1987)). Of course, the parties should keep in mind that the court can alter its ruling based on developments at trial or at any other time for whatever reason the court deems appropriate. *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995). *See Luce v. United States*, 469 U.S. 38, 41 (1984).

Defendant's motion in limine seeks to exclude evidence of a potential connection between Defendant and a recent bank robbery for which Defendant has not been charged and to

---

[1] References to (#XX) refer to the court's docket.

preclude the government from cross-examining Defendant on his prior conviction for bank robbery should he take the stand and testify. The United States has responded by stating it will not ask about the recent uncharged bank robbery and will instruct its witnesses not to spontaneously mention the potential connection. Concerning Defendant's prior conviction, the government concedes a lack of intent to introduce evidence of the conviction in their case-in-chief.

However, the government notes that should Defendant take the stand and testify, the prior conviction will likely be offered for impeachment purposes. Federal Rule of Evidence 609(a)(1) permits the introduction of prior convictions against the accused as a witness when the crime was punishable by imprisonment for more than one year and the probative value of the evidence outweighs its prejudicial effect. Prior convictions greater than ten years old, based on the latter of the date of conviction or the date of release from confinement, are generally excluded under Rule 609(b). In the present case, Defendant's prior conviction for bank robbery is a crime punishable by imprisonment for more than one year and it is undisputed that his release from confinement occurred less than ten years prior. Thus, the evidence will be excluded only if the probative value does not outweigh the prejudicial effect.

The court, in reviewing the proffered evidence, does not find, based on the facts before the court at this time, that the prejudicial effect would outweigh the probative value of the evidence. The crime of robbery is certainly probative when it comes to determining a witness's credibility and Defendant was recently paroled prior to allegedly committing the latest crimes. While there is some prejudice associated with the fact that the prior crime is the same as the currently charged offenses, the court does not see this factor outweighing the probative value of the evidence on Defendant's veracity. Should Defendant take the stand to testify, his credibility will be placed in issue and the probative value of any impeachment will increase. Accordingly, the court denies Defendant's motion in limine to exclude impeachment questioning about his prior conviction. The Court grants Defendant's motion concerning the introduction of evidence regarding Defendant's connection to the uncharged bank robbery and the government's ability to introduce evidence of Defendant's prior conviction during its case-in-chief.

1    Defendant's notice of intent to use expert testimony provides that Defendant intends to
2 call an expert witness "in a mitigation capacity."  The government has objected to Defendant's
3 notice, stating that any evidence regarding diminished capacity would be impermissible to avoid
4 conviction of the general intent crime of bank robbery and that the same evidence is not relevant
5 to mitigation at sentencing because bank robbery is a crime of violence.  Defendant replies by
6 arguing that a severe head injury may make it impossible for him to have even a general intent to
7 commit a crime and that he should be permitted to offer the defense he chooses.
8    Upon reviewing the relevant case law, the court notes that bank robbery, when charged
9 under 18 U.S.C. § 2113, is a general intent crime.  *United States v. Smith*, 638 F.2d 131, 132 (9th
10 Cir. 1981).  Accordingly, evidence of diminished capacity is irrelevant to demonstrating a lack of
11 intent.  *Id.*  It appears to the court that Defendant's desire to introduce evidence of a mental
12 defect which would affect the guilt inquiry in this matter is only proper through an insanity
13 defense.  *See United States v. Burnim*, 576 F.2d 236 (9th Cir. 1978) (describing facts of case to
14 demonstrate that an individual with organic brain injury was not insane based purely on the
15 effects of that injury and therefore could not rely on diminished capacity defense to general intent
16 crime when subsequent drinking left defendant unable to appreciate the moral wrongfulness of
17 his conduct).  However, Defendant has not made the required disclosures for an insanity defense,
18 *see* Fed. R. Crim. P. 12.2(a).  Thus, the government's request to deny such evidence as irrelevant
19 is granted at this time.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

The government has also objected to any use of expert testimony in mitigation of a potential sentence. Specifically, the government has pointed to several cases which hold that diminished capacity cannot be used for a downward departure under the sentencing guidelines because bank robbery is a crime of violence. *See United States v. Davis*, 264 F.3d 813, 814 (9th Cir. 2001); *United States v. Sanchez*, 933 F.2d 742, 747 (9th Cir. 1991); *United States v. Cook*, 53 F.2d 1029 (9th Cir. 1995); *United States v. Borrayo*, 898 F.2d 91, 94 (9th Cir. 1989). Defendant does not specifically address any of these cases in his reply. However, the court finds it premature to rule on sentencing issues prior to trial. Any ruling at this point would be speculative in nature. Accordingly, the government's request to exclude evidence of mental defect in regards to any potential sentence is denied without prejudice.

It is therefore ORDERED that Defendant's motion in limine (#36) is GRANTED in part and DENIED in part as discussed above;

It is further ORDERED that the objection to Defendant's notice of intent to offer expert testimony (#41) is SUSTAINED in part as discussed above.

DATED this 8th day of August, 2006.

_____
LARRY R. HICKS
United States District Judge